## Election of School Superintendents

ALLEN H. SMITH, Deputy Attorney General, and DAVID STAHL, Attorney General, February 2, 1962.— You request to be advised whether members of a board of directors of a school district that was third class and under the supervision of a county superintendent of schools as of July 1955, would be eligble to vote in the election of the county superintendent when the school district thereafter is reclassified second class.

Under the original provisions of section 1022 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §10-1022, the directors of school districts having district superintendents were not permitted to vote for county superintendents. The section, however, has been twice amended. As amended by the Act of May 24, 1956, P. L. 1665, and the Act of July 5, 1957, P. L. 523, 24 PS §10-1022, those who may vote for a county superintendent include:

". . . (1) the school directors of all of the school districts under the supervision of the county superintendent, (2) the school directors of all union and merged districts, (3) the school directors of all districts of the third and fourth class employing district superintendents to operate joint school systems, (4)

except as otherwise provided in subsection (c) of section 901,[1] *the school directors of all school districts that were under the supervision of the county superintendent on the first Monday of July, 1955,* (5) the school directors of districts employing district superintendents who elect to become part of the county service system, and (6) the school directors of districts of other counties that have joined with one or more districts of the county in establishing joint schools which conform to approved county plans, . . ." (Italics supplied.)

Third class school districts were under the supervision of county superintendents on the first Monday of July, 1955. Second class districts were not.

If a literal interpretation of the emphasized language of section 1022 would suffice, there would be little difficulty in answering your question in the affirmative. However, complete consideration of the problem requires a review of section 1027 of the Public School Code of 1949, supra, 24 PS §10-1027, as amended, which provides:

"Section 1027. List of Directors Entitled to Vote; Method of Voting.—The county superintendent shall furnish to the president of such convention a correct duplicate list of all the school directors in said county in the districts over which said superintendent has supervision. In union and merged districts of the third class that employ district superintendents, and in districts of the third and fourth class employing district superintendents to operate joint school systems, such list shall be arranged alphabetically by districts.

---

[1] In pertinent part the exception contained in section 901(c) provides that "School directors in districts located in two or more counties which form a joint school system shall have full voting rights and the right to hold office on the county board only in the county containing the largest proportion of the population of the administrative unit as shown by the last United States census."

In taking the vote the president or secretary shall call in alphabetical order, by district, the list thus furnished, and each director present shall, when his name is called, rise and announce the name of the candidate for whom he desires to vote. The tellers shall keep correct tally of the vote as cast and report the same to the president, who shall announce the vote to the convention." (Amended August 19, 1953, P. L. 1136.)

You will observe that section 1027, in directing the county superintendent to furnish the president of the county convention of school directors with a list of those directors entitled to vote, makes no mention of "school directors of all school districts that were under the supervision of a county superintendent on the first Monday of July, 1955."

This omission requires statutory construction of sections 1022 and 1027 to resolve the apparent ambiguity.

Section 62 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §562, provides:

"Laws or parts of laws are in *pari materia* when they relate to the same persons or things or to the same class of persons or things.

"Laws in pari materia shall be construed together, if possible, as one law." (Italics supplied.)

Sections 1022 and 1027 have been in pari materia from their very inception insofar as both relate to school directors voting for a county superintendent, and are one law. The legislature in enacting these sections obviously conceived the former section to be determinative of those who shall elect the county superintendent, and the latter section to provide an administrative procedure to facilitate balloting.[2] Supporting

---

[2] This same reasoning would dispose of any other similar apparent ambiguity or inconsistency between these two sections.

this view is the fact that the legislature in 1956 and 1957 amended only section 1022 in broadening the list of those entitled to vote for county superintendent. Section 1027, not being so amended, remains a mere administrative counterpart.

The apparent ambiguity appearing in section 1027 resulting from an omission therein of the language used in section 1022 is clarified by reference to the latter section. The rule is well-founded that when two statutes are in pari materia, the ambiguity of one may be clarified by the other. This rule was spelled out in Neff's Appeal, 21 Pa. 243, 247 (1853), when Justice Lewis said " 'that statutes in pari materia, or upon the same subject, must be construed with reference to each other; that is, that what is clear in one statute, shall be called in aid to explain what is obscure and ambiguous in another: 1 Bl. Com. 60, note 8.' "

We are, therefore, of the opinion and you are accordingly advised that members of a board of directors of a school district that was third class and under the supervision of a county superintendent of schools as of July 1955 are eligible to vote in the election of a county superintendent when the school district thereafter is reclassified second class.